CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 19 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 5:06CR00006-001 |
| v. | ) | **MEMORANDUM OPINION** |
| KERRY ANTHONY BARRON, | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Chief United States District Judge |

This case is presently before the court on the issue of whether the defendant should receive a reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines. For the following reasons, the court will reduce the defendant's term of imprisonment.

On June 6, 2006, the defendant, Kerry Anthony Barron, entered a plea of guilty to possessing with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). He was originally sentenced to a term of imprisonment of 121 months. On April 15, 2008, the court granted a reduction in sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the United States Sentencing Guidelines. The court reduced the defendant's term of imprisonment to 100 months.

Pursuant to its statutory authority, the United States Sentencing Commission has promulgated a permanent amendment to the sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, which implements the provisions of the Fair Sentencing Act of 2010 (Amendment 750). On June 30, 2011, the Sentencing Commission further decided that, effective November 1, 2011, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that

certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2).

Under the amended guidelines, the defendant has a total offense level of 23 and a criminal history category of IV, resulting in a guideline range of imprisonment of 70 to 87 months. On August 17, 2011, the court notified the parties that the court proposed to reduce the defendant's term of imprisonment from 100 months to TIME SERVED. The parties were given 20 days to respond to the notice. As of this date, neither party has filed a response. Consequently, for the reasons stated, the court will effect the proposed reduction. Specifically, the court will reduce the defendant's term of imprisonment to TIME SERVED.* All other terms of the original sentence will remain the same.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 19th day of October, 2011.

_____
Chief United States District Judge

---

* The defendant is reminded that the amended guideline provisions do not become effective until November 1, 2011, and that they will not begin to apply retroactively until that date.

2